UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| MARY PAMPENA,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>      Plaintiff,<br>  v<br><br>ENCORE RECEIVABLE MANAGEMENT, INC. AND<br>CONVERGYS CORP .<br><br>      Defendants. | Civil Action, File No.<br>2:17-cv-03860-JFB-SIL |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Mary Pampena [hereinafter "Pampena"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Encore Receivable Management, Inc. [hereinafter "Encore"] and Convergys Corp. [hereinafter "Convergys"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Encore's regular transaction of business within this district. Venue in this district also is proper based on Encore possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Encore also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Pampena is a natural person who resides in Manorville, NY.

6. Pampena is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about February 11, 2016, Encore sent Pampena the letter annexed as Exhibit A. Pampena received and read Exhibit A. For the reasons set forth below, Pampena's receipt and reading of Exhibit A deprived Pampena of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Encore sent Exhibit A to Pampena in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a PC Richard & Son credit card by Synchrony Bank for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. A PC Richard & Son credit card account issued by Synchrony bank is a credit card account issued to consumers for them to use for personal, family or household purposes. Encore, via Exhibit A, attempted to collect this past due debt from Pampena in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Encore is a Kansas Corporation and a New York Foreign Business Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect

personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

12. Encore possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

13. Based upon Exhibit A and upon Encore possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Encore is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. On Exhibit A, Encore sets forth that it is a debt collection company attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

15. Based upon the allegations in the above four paragraphs, Encore is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

16. Convergys is a corporation with a principal place of business located in Cincinnati, OH.

17. The principal purpose of Convergys is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

18. Convergys is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

### FIRST CAUSE OF ACTION-CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18 of this Complaint.

20. Exhibit A set forth a "Total Account Balance" of $1,886.00 and a "Total Amount Due" of

$517.

21. Any "Total Account Balance" or "Total Amount Due" resulted from an agreement between Pampena and Synchrony Bank; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

22. Exhibit A contains the following statement: "Your Total Account Balance and Total Amount Due on the day yon pay may be greater than the amounts listed above as a result of finance charges, late fees or other fees imposed on your account from day to day as outlined in the terms of your account and your account agreement. For further information, call or write us.". Based on this statement and pursuant to the aforementioned agreement, interest, late fees, or other fees continued to accrue and continued to be owed to Synchrony Bank on any "Total Account Balance" or "Total Amount Due" but unpaid to Synchrony Bank.

23. Based on the aforementioned statement in Exhibit A and pursuant to the aforementioned agreement, Synchrony Bank and any assignee or successor-in-interest had a legal right at any time to collect from Pampena the aforementioned interest late fees, or other fees which had continued to accrue and continued to be owed to Synchrony Bank on any "Total Account Balance" or "Total Amount Due" but unpaid to Synchrony Bank and any assignee or successor-in-interest.

24. As evidenced by the aforementioned statement in Exhibit A, the aforementioned right to collect from Pampena the aforementioned accrued interest, late fees, or other fees in addition to any "Total Account Balance" or "Total Amount Due" is not waived by Synchrony Bank as a result of a failure by either Synchrony Bank at any point in time to

attempt to collect from Pampena the aforementioned accrued interest, late fees, or other fees in addition to any "Total Account Balance" or "Total Amount Due".

25. Synchrony Bank never sent Pampena a written communication that it waived the aforementioned right to collect from Pampena the aforementioned accrued interest, late fees, or other fees in addition to any "Total Account Balance" or "Total Amount Due".

26. On and after the date of Exhibit A, Synchrony Bank possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

27. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late fees, or other fees in addition to any "Total Account Balance" or "Total Amount Due".

28. On and after the date of Exhibit A, Synchrony Bank possessed the legal right to terminate Encore as its debt collector.

29. As evidenced by the aforementioned statement in Exhibit A, upon such termination, Synchrony Bank, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late fees, or other fees in addition to any "Total Account Balance" or "Total Amount Due".

30. As evidenced by the aforementioned statement in Exhibit A, Synchrony Bank had the right to instruct Encore to seek from Pampena the aforementioned accrued interest, late fees, or other fees in addition to any "Total Account Balance" or "Total Amount Due".

31. For the above reasons, at any time after the date of Exhibit A, the "Total Account Balance" or "Total Amount Due" from Pampena and/or the amount sought from Pampena may have increased due to the aforementioned accrued interest, late fees, or other fees.

32. Notwithstanding the above, Exhibit A did not set forth what Pampena would need to pay to resolve the debt at any given moment in the future, and/or did not set forth a clear explanation of the interest, late fees, or other fees that would cause the "Amount Owed to increase.

33. For the above reasons, Exhibit A did not set forth the amount of the "debt". Carlin v. Davidson Fink LLP No. 15-3105-cv (2nd Cir., 2017); and Balke v. Alliance One Receivables Mgmt., Inc. 16-cv-5624(ADS)(AKT) (E.D.N.Y., 2017).

34. Encore Receivable Management, Inc., is a wholly-owned subsidiary of Convergys Customer Management Group, Inc. Convergys Customer Management Group, Inc., is the wholly-owned subsidiary of Convergys Corporation.

35. Convergys, a "debt collector", directs and/or requires and/or allows Encore to carry out collection efforts on Convergys's behalf and for the sole ultimate benefit of Convergys; Convergys always possesses the final beneficial interests in the collection accounts which Encore attempts to collect in the name of Encore; and Convergys directly actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of Encore. For the above reasons, Convergys is vicariously liable for the actions of Encore.

36. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendants violated 15 USC § 1692g(a)(1) by sending Exhibit A to Pampena.

### SECOND CAUSE OF ACTION-CLASS CLAIM

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18 of this Complaint.

38. Exhibit A amounted to a false, deceptive or misleading means in connection with the

collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### THIRD CAUSE OF ACTION-CLASS CLAIM

39. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18 of this Complaint.

40. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

### CLASS ALLEGATIONS

41. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

42. The classes consist of (a) all natural persons (b) who received a letter from Encore dated between February 11, 2016 and February 11, 2017 to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A.

43. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

44. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

45. The predominant common question is whether Defendant's letters violate the FDCPA.

46. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

47. A class action is the superior means of adjudicating this dispute.

48. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against AI in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:   January 9, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709